VICENTE VEGA, Plaintiff and Appellee, *v.* COMPAÑÍA POPULAR DE TRANSPORTE, INC., Defendant and Appellant.

No. 10366.   Argued April 17, 1951.—Decided May 18, 1951.

*H. Ramos Mimoso* for appellant.   *García Cabrera & Cuyar* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Juan Vicente Vega brought an action for damages against the Compañía Popular de Transporte, Inc., before the former District Court of San Juan. He alleged, briefly, that on Sunday April 4, 1948, around six-thirty in the afternoon and as he boarded one of defendant's ferries in San Juan to go to the nearby town of Cataño, while going down the stairs from the deck to the lower cabin, he lost his balance and fell down suffering the fracture of his left wrist and losing 35 per cent of the arm's physiological functions. After a trial on its merits the lower court rendered judgment granting the complaint and awarding plaintiff $3,000 for physical injuries, $1,000 for moral injuries, $150 for treatment and doctor's fees and $300 for attorney's fees.

Of the three errors assigned by the defendant only the first one merits discussion. This is to the effect that "the lower court erred in not dismissing the complaint for lack of cause of action." Vicente Vega is the only person appearing as plaintiff in the complaint. No mention whatever is made in the title nor in the body of the complaint as to his civil status, and there is no showing whatever that the complaint is brought for the benefit of any one but the plaintiff himself. Nevertheless, it came out during the trial that at the time of the accident [1] plaintiff was married to Rosa de Lima Ortiz; that he divorced her later,[2] and that on the date the complaint[3] was brought, plaintiff was already divorced. The defendant, as these facts were revealed, immediately moved the court to dismiss the complaint, as it did not state facts sufficient to constitute a cause of action. Defendant's motion was repeatedly overruled.

As we said the 26th of last month in *Echevarría* v. *Despiau, ante,* p. 442;

---

[1] April 4, 1948.
[2] May 14, 1948.
[3] November 22, 1948.

"In many instances we have held that an action for damages to either of the spouses must be brought by the conjugal partnership, and that it is the duty of the husband, as its administrator to file it. *Meléndez* v. *Iturrondo,* 71 P.R.R. 56, 58; *Rivera* v. *De Martínez,* 70 P.R.R. 456; *Serrano* v. *González,* 68 P.R.R. 579; *Serra* v. *Transportation Authority,* 68 P.R.R. 581; *Guadalupe* v. *District Court,* 65 P.R.R. 275, 276; *Segarra* v. *Vivaldi,* 59 P.R.R. 797, 802; *Torres* v. *Fernández,* 56 P.R.R. 459, 463; *González* v. *White Star Bus Line,* 53 P.R.R. 328, 330; *Flit* v. *White Star Bus Line,* 49 P.R.R. 139; *Vázquez* v. *P.R.Ry. Lt. & P. Co.,* 35 P.R.R. 59. Likewise we have repeatedly held that if the complaint in such cases is filed by the wife, such defect does not constitute lack of capacity to sue, but rather lack of cause of action. *Serrano* v. *González, supra,* at p. 580. Likewise, that the conjugal partnership is an entity entirely distinct from the spouses who compose it. *Rivera* v. *Casiano,* 68 P.R.R. 177; *Robles* v. *Guzmán,* 67 P.R.R. 671, 675; *Rosaly* v. *Ríos,* 63 P.R.R. 801; *Ex parte García,* 54 P.R.R. 478."

In said case we decided that although the action for damages was brought exclusively in the name of the husband, as during the trial it was proved that the plaintiff was a married man at the time of the accident as well as when the complaint was filed, the court could *motu proprio,* consider the complaint as amended and as if the action was brought on behalf of the conjugal partnership.

In the present case, however, the situation is different. Here the plaintiff was married at the time the accident occurred, and divorced when he filed suit on his own behalf.

Whenever an accident occurs to one of the spouses, action for damages must be filed by the conjugal partnership, and so long as husband and wife are united by marriage, it is incumbent on the husband to file suit, without any need of stating in the title of the complaint in which capacity he sues. Nevertheless, after dissolution of the marriage, the powers of the husband in the conjugal partnership cease and each of the spouses acquires the right to an undivided one-half of the property of the conjugal partnership. See *Vega* v. *Tossas,* 70 P.R.R. 368, 372, and footnote 2 at p. 373;

*Pérez* v. *Registrar*, 62 P.R.R. 760, 763, 765; *National City Bank* v. *De La Torre*, 54 P.R.R. 219, 225; *Fabián* v. *Registrar*, 25 P.R.R. 838; and Manresa, *Comentarios al Código Civil Español*, volume 9, fifth edition, 1950, pp. 671, 718.[4] That is so because although according to our Civil Code "the husband shall be the administrator of the conjugal property, except when stipulated otherwise,"[5] the same Code provides that "marriage is dissolved . . . by divorce legally obtained"; that "a divorce carries with it a complete dissolution of all matrimonial ties, and the division of all property and effects between the parties to the marriage" and that "the community of goods terminates when the marriage is dissolved in the cases indicated in this Code . . ."[6]

According to Rule 17 (*a*) of Civil Procedure, "every action must be prosecuted in the name of the real party in interest." When action was brought, as we have said, plaintiff had already divorced his wife. The action for damages, which originally belonged to the conjugal partnership, should have been instituted, in the present case, by the two natural persons, who on the date of the accident constituted said partnership. As a matter of fact, it was not brought by those two persons, but merely by one of them, that is, by the former husband. He is an indispensable party in the suit. The former wife is also a necessary party, but her absence from the suit does not constitute lack of cause of action, but rather a nonjoinder of party.

When an action for damages belonging to the conjugal partnership is instituted exclusively by the wife, the com-

---

[4] In considering the matter here involved it should be borne in mind that a divorce under the Spanish Civil Code meant the mere separation of the conjugal life of the spouses, the marriage bond remaining in force, while under our Civil Code a divorce produces a complete separation and dissolution of the matrimonial ties, with all its consequences as to the parties and properties of the divorcees. See Dr. Muñoz Morales, *Reseña Histórica y Anotaciones al Código Civil de Puerto Rico*, Book First, p. 259.

[5] See §§ 91 and 1312 of the Civil Code, 1930 ed.

[6] See §§ 95, 105 and 1315 of the Civil Code, 1930 ed.

plaint as we have said does not constitute a cause of action, because it is the duty of the husband, as the administrator of the conjugal partnership, to file it, and in that event, the wife is not a necessary or indispensable party and not being so, any action for damages brought by her to that effect is void and does not constitute a good cause of action. In the case at bar the former husband was one of the two necessary and indispensable plaintiffs. The absence of the ex-wife as plaintiff, should not be, nevertheless, ground to dismiss the complaint, for according to the express provision of Rule 21 "Nonjoinder or misjoinder of parties is not ground for dismissal of an action. The action of the lower court in not dismissing the complaint is correct. However, the judgment will be reversed and the case remanded to the lower court in order to permit Rosa de Lima Ortiz, the former wife, to appear as party plaintiff in the complaint. If she does not wish to appear as such, plaintiff Vega may join her as defendant party. Rule 19 (a).[7] Whether she appears as plaintiff or defendant, a new trial should be held, unless the parties, including the ex-wife, stipulate to submit the case on the evidence introduced.

Nothing said in *Sarria* v. *Álvarez*, 48 P.R.R. 195, is against our decision here. Said case is clearly distinguishable, as in said case although an action belonging to the conjugal partnership was brought by the divorced husband only, such defect was amended by the appearance of the former wife as intervener. We held that under those circumstances the complaint was not subject to a nonjoinder of party plaintiff.

Judgment appealed from will be reversed and the case remanded to the lower court for further proceedings consistent with this opinion.

---

[7] Rule 19 (a) insofar as pertinent provides:

". . . When a person who should join as a plaintiff refuses to do so, or his consent cannot be obtained, he may be made a defendant."